NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANTHONY G. HUNT,**
*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee.*

---

2011-7009

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-1065, Chief Judge Bruce Kasold.

---

## ON MOTION

---

Before RADER, *Chief Judge*, NEWMAN and BRYSON, *Circuit Judges.*

PER CURIAM.

## ORDER

The Secretary of Veterans Affairs moves to summarily affirm the decision of the United States Court of Appeals for Veterans Claims denying Anthony G. Hunt's petition

for a writ of mandamus. Hunt opposes. The Secretary moves for leave to reply, and replies.

On December 29, 2009, Hunt appealed a Board of Veterans' Appeals decision that denied Hunt's claims for vocational rehabilitation benefits to the Court of Appeals for Veterans Claims. While his appeal was pending, Hunt filed a petition for a writ of mandamus with that court, seeking relief from the same Board decision. On April 22, 2010, the Court of Appeals for Veterans Claims denied Hunt's petition, stating that mandamus was not appropriate because Hunt's appeal was pending before the court. Hunt appealed, seeking review by this court.

The Secretary contends that summary affirmance is warranted under these circumstances. Summary affirmance is appropriate when the position of one party is so clearly correct as a matter of law that no substantial question regarding the outcome of the appeal exists. *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994). To obtain mandamus, the petitioner must show (1) that he has a clear and undisputable right to the writ and (2) that he has no alternative way to obtain the relief sought. *See Kerr v. U.S. Dist. Ct. for N. Dist. Of Cal.*, 426 U.S. 394, 403 (1976). We agree with the Secretary that Hunt has clearly failed to meet both of these requirements. The Court of Appeals for Veterans Claims correctly explained that Hunt's petition should be denied because he sought the same relief through the appeal process. To the extent Hunt also filed his petition because his appeal was pending three months without a decision, any delay in that regard clearly does not warrant mandamus. We therefore grant the Secretary's motion.

Accordingly,

IT IS ORDERED THAT:

(1) The Secretary's motion for leave to file a reply brief is granted.

(2)  The Secretary's motion for summary affirmance is granted.

(3)  Each side shall bear its own costs.

FOR THE COURT

APR 0 5 2011
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc:  Anthony G. Hunt
Melissa Devine, Esq.

s20

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

APR 0 5 2011

JAN HORBALY
CLERK